JAMES BUNTEN *v.* THE ORIENT MUTUAL INSURANCE COMPANY.

An agreement for insurance was effected by the agent of an insurance company upon the ascertained value of a cargo of lumber, but the rate was not fixed, but was to depend upon the time of the vessel's sailing— if before October tenth, to be three per cent; if after the tenth and before the sixteenth, to be three and a half per cent. The vessel sailed on the fifteenth.

A policy was forwarded by the company, but through misinformation contained a warranty that the vessel had sailed on the 10th of October.

The agent of the company, being advised of the error, changed the cipher into a five, thus making the policy correspond with the agreement.

The vessel was wrecked and the cargo became a total loss.

An action upon the policy for the amount of insurance was decided against the plaintiff upon the ground that, the agent having no authority to alter it, the policy was void.

This action was then commenced to compel the delivery of a policy according to the terms of the agreement, and to recover the amount so insured as the measure of damages sustained by the loss of the cargo.

The court held as a conclusion of law that the plaintiff was entitled to a policy and to judgment for the sum named.

The General Term modified the judgment with the plaintiff's consent, and affirmed it thus modified.

On appeal to this court it was held that the questions of fact passed upon by the court below justified the finding upon which the judgment was based.

HUNT, J. This was an action brought to compel the delivery of a policy of insurance upon a cargo of lumber, in accordance with a previous agreement for that purpose, and to compel the payment of $4,317.22, the amount of the plaintiff's damages from the loss of the cargo in question. The court below found that an agreement for insurance was made by the defendant's agent with the plaintiff's agent upon the ascertained value of the cargo of the Azof; that the amount of premium was not fixed, but was to depend upon the time of her sailing, according to a tariff of rates delivered; if before the 10th of October, the premium was to be three per cent; if after that date, and before the 16th, to be three and one-half per cent premium upon the value of her cargo; that the vessel sailed on the 15th, of which

notice was duly given; that a policy was forwarded by the company, which, through the erroneous information of their agent, contained a warranty that the vessel had sailed on the 10th of October, which being received by the plaintiff's agent he returned to the defendant's agent, advising him of the error; that the defendant's agent thereupon changed the cipher into a five, making the warranty to indicate the 15th of October, and redelivered the same to the plaintiff's agent; that, before hearing of the loss, the premium was paid at the rate of three and one-half per cent, which was all that was demanded by the defendant's agent; that, on the 29th of October, the vessel was wrecked, and, with her cargo, became a total loss, and that the plaintiff's loss amounted to $4,317.22; that an action was afterward commenced by the plaintiff upon the policy, in which he was defeated, on the ground that the defendant's agent had no authority to alter the policy, and that its alteration rendered the same void. Upon these facts the court held, as conclusions of law, that the plaintiff was entitled to a policy, with a warranty of sailing on or before November 10, 1855, and at the premium of three and a half per cent, and that the plaintiff was entitled to a judgment for the sum above named. Upon an appeal to the General Term, it was there held, that this judgment should be affirmed, except that October 15 should be inserted as the time of sailing, and the premium should be at the rate of four per cent. The plaintiff filed a consent to this modification, and thereupon the judgment below was affirmed. The defendant now appeals to this court.

The defendant's argument is chiefly upon the proper conclusions of fact to be drawn from the testimony. That subject we are not at liberty to consider. The argument of fact is to be made to the court trying the cause, and to the General Term, if an appeal is taken. (Code, §§ 267, 258, 272.) But it goes no further, except in the single case where the General Term reverses the judgment below, and certifies that the reversal was made upon questions of fact. That circumstance does not exist in the present case, and we can only consider such questions of law as may be presented,

assuming the facts to be in all respects as certified by the court below. The General Term did indeed modify the facts in two particulars, but the modifications were assented to and are now to be deemed original findings. The defendants, too, make no controversy with those facts, as they are more favorable to them than the original findings, reducing the judgment by a considerable amount.

Upon the facts as thus found, are there any questions presented for review in this court?

The first point of the appellant, that the parol contract as proved is not sufficiently "definite and certain" to entitle the party to a judgment requiring its execution, is a question not properly before us. There was in some respects a conflict of testimony, and in other respects parties might have misunderstood each other, or not have had the same understanding as to what was the real contract, but the proof was fully made in the court below, and fairly sustains the finding on which the judgment is based. Upon the principle already stated this point cannot be presented in this court, where the review is to be had upon questions of law simply, and not upon questions of fact.

The appellant's second point, that the contract was made between the plaintiff and the defendant's agent, in violation of the authority of the latter, of which the plaintiff had notice, is subject in all respects to the same remarks. It is a question of fact merely, fully passed upon by the court below, where it is expressly found that the agent had authority to make the contract in question.

The same is true of the third and fourth points of the appellant, which include the whole argument. They present questions of fact simply, without the intervention of any point of law that can be legally considered by this court.

No argument upon any exception to the admission or exclusion of evidence, is presented by the appellant's counsel in the elaborate brief before us.

The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.